UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN GOODWIN,

        Plaintiff,

  v.

Case No. 24-cv-562-pp

ADVANCED CORRECTIONAL HEALTHCARE, INC.,
USA MEDICAL & PSYCHOLOGICAL STAFFING SC
and IRIS N. TORRES,

        Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS
(DKT. NO. 36) AND DISMISSING CASE**

On November 7, 2024, the court held a hearing regarding the pending motions in this case (Goodwin II) and in the related case (Goodwin v Kewaunee County, *et al.*, Case No. 22-cv-1491 (E.D. Wis.) (Goodwin I)). The plaintiff had filed a motion for leave to amend the complaint in Goodwin I to add an additional defendant, Iris Torres. Goodwin I, Dkt. No. 41. Defendants Advanced Correctional Healthcare Inc., Stacy Bosdeck and USA Medical & Psychological Staffing SC opposed that motion. Goodwin I, Dkt. No. 45. While the plaintiff's motion for leave to amend was pending, the plaintiff filed this separate case against Torres, Advanced Correctional Healthcare and USA Medical & Psychological Staffing. Dkt. No. 1.

At the hearing, the court granted the plaintiff's motion for leave to amend his complaint in Goodwin I. Dkt. No. 34. The plaintiff's counsel told the court

1

that he promptly would file a motion to dismiss this case (Goodwin II). Id. On November 20, 2024, having heard nothing from the plaintiff, the court issued a text-only order stating that if the plaintiff's counsel had not filed a motion to dismiss this case by day's end on November 29, 2024, he must file a report updating the court regarding the status of Goodwin II and his proposed next steps. Dkt. No. 35.

Later that same day, the plaintiff filed a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Dkt. No. 36. The plaintiff stated that he had sent to the defendants a proposed stipulation for dismissal without fees and costs, but that they never had responded. Id. at 1. Just under an hour and a half later, the defendants filed a brief opposing the motion to dismiss without costs and fees. Dkt. No. 37. The defendants explain that they do not oppose dismissal but argue that the case should not be dismissed *without* fees and costs because, they contend, the plaintiff improperly filed Goodwin II to "evad[e]" the scheduling order the court had issued in Goodwin I. Id. at ¶¶2, 5. The defendants assert that in filing Goodwin II, the plaintiff "forced" them to unnecessarily incur fees and costs, "including requiring defendants to file several discovery motions preserving their position that *Goodwin I* is the only properly pending matter and requiring defendants to prepare and file the motion for judgment on the pleadings." Id. at ¶3. The defendants recount that at the hearing, the court told defense counsel that the defendants could file a motion for costs and fees in Goodwin II. Id. at ¶4. The defendants advise the court that they don't object to an order dismissing the case without prejudice,

2

but they do not stipulate to or waive their right to seek costs and fees and they ask the court to give them at least twenty-one days from the date of its order to assert a claim for costs and fees. Id. at ¶¶6–7.

The defendants are correct—they raised the issue of fees during the November 7, 2024 hearing and the court stated that the proper procedure for seeking fees would be to file a motion; the court, however, did not make any ruling regarding the defendants' entitlement to fees. Dkt. No. 33.

Once again, the parties bring their disputes to the court rather than attempting to resolve them. The plaintiff implies that the defendants refused to respond to the plaintiff's proposed stipulation for dismissal (even though at the November 7 hearing, the plaintiff's counsel said he'd be filing such a motion). The defendants blame the plaintiff for filing a parallel complaint to include Torres, yet they *opposed* the plaintiff's request to amend his complaint in Goodwin I to add Torres as a defendant. Although the plaintiff arguably jumped the gun in filing the complaint in Goodwin II while his motion for leave to amend the complaint in Goodwin I was pending, it appears that at least some of the work of which the defendants complain is attributable to the defendants' apparent unwillingness to negotiate with the plaintiff.

The court also questions the defendants' assertion that they were "required" to file a motion for judgment on the pleadings in Goodwin II on the even of the November 7, 2024 hearing. The improper claim-splitting issues the defendants raised in that motion were obvious from the date the plaintiff filed the Goodwin II complaint—May 7, 2024. It is unclear why the defendants

3

waited over six months—until November 1, 2024, a week before the scheduled November 7, 2024 hearing—to file the motion.

The court declines to opine on whether it was proper for the plaintiff to file the Goodwin II complaint; that question is not before the court. But had the parties had put more effort into working together to find a reasonable solution to the problem of the omitted defendant, it is likely that each of them would have saved time and money for their clients.

The court has allowed the plaintiff to amend his complaint in Goodwin I to pursue his claims against Torres, so the court will grant the plaintiff's motion to voluntarily dismiss this case without prejudice. The court will not rule on the allocation of costs and fees. If the defendants wish to file a motion for costs and fees associated with the filing of this case, they must do by the date set at the end of this order. The court will deny as moot all other pending motions and dismiss the case.

The court **GRANTS IN PART** the plaintiff's motion to dismiss this case without prejudice. Dkt. No. 36.

The court **ORDERS** that if the defendants wish to file a motion for the costs and fees associated with Goodwin II, they must do so by the end of the day on **January 10, 2025**. The page limits and deadlines in Civil Local Rule 7 (E.D. Wis.) apply.

The court **DENIES AS MOOT** the defendants' Civil L.R. 7(h) Expedited Non-Dispositive Motion to Stay Discovery. Dkt. No. 13.

The court **DENIES AS MOOT** the plaintiff's Civil L.R. 7(h) Expedited Non-Dispositive Motion for a Protective Order. Dkt. No. 14.

The court **DENIES AS MOOT** defendant Kewaunee County's Motion to Quash Subpoenas, Rule 30(b)(6), Shane Johnson, Cody Melville and Fifth Set of Written Discovery and for Protective Order. Dkt. No. 16.

The court **DENIES AS MOOT** the Defendants' Notice of Motion and Fed. R. Civ. P. 12(C) Motion for Judgment on the Pleadings. Dkt. No. 31.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of December, 2024.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**